UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OCEAN-OIL EXPERT WITNESS, INC.**                         **CIVIL ACTION**

**VERSUS**                                                 **NO: 07-3129-ILRL-SS**

**ASHTON O'DWYER**

### ORDER

PLAINTIFF'S MOTION FOR RULE 37(c) SANCTIONS (Rec. doc. 13)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the plaintiff, Ocean-Oil Expert Witness, Inc. ("Ocean-Oil"), for an order sanctioning defendant, Ashton O'Dwyer ("O'Dwyer"). Ocean-Oil alleges that: (1) on September 24, 2005, O'Dwyer retained it as an expert on an open account; (2) Hector Pazos provided expert consulting services to O'Dwyer; (3) Ocean-Oil billed O'Dwyer; (3) although O'Dwyer made payments in December 2005 and March 2006, a balance of $90,831.57 is outstanding. Rec. doc. 1. O'Dwyer denies that there was any agreement with Ocean-Oil. Instead, he alleges that he entered into negotiations with Pazos to provide services on a basis much different from the plaintiff's description. Rec. doc. 4.

The scheduling order provides that Fed. R. Civ. P. 26(a) initial disclosures were to be completed by October 25, 2007. Rec. doc. 7. On December 17, 2007, Ocean-Oil filed a motion to compel such disclosures, which was set for January 8, 2008. Rec. docs. 8 and 10. At Ocean-Oil's request it was continued and reset for January 23, 2008. Rec. doc. 11. On January 24, 2008, it was granted as unopposed. O'Dwyer was ordered to provide the written disclosures within ten working days. Rec. doc. 12.

On January 22, 2008, O'Dwyer was deposed by Ocean-Oil at O'Dwyer's office. O'Dwyer stated that he did not bring any documents to the deposition; he looked for the file but could not find it. What O'Dwyer described as a large volume of material exchanged with Pazos was tendered to Ocean-Oil. He was asked to look for the file as well as any other documents requested in a revised deposition notice. Rec. doc. 22 (Exhibit 1).

On February 12, 2008, Ocean-Oil filed its motion for sanctions, costs and attorney's fees. It contends that: (1) O'Dwyer failed to comply with the requirement in the scheduling order to exchange initial disclosures by October 25, 2007; and (2) O'Dwyer did not comply with the January 24, 2008 order. It seeks an award of fees for preparing the discovery motions. It does not request the initial disclosures. Rec. doc. 13. On February 27, 2008, O'Dwyer filed an opposition. He states: (1) he was deposed for almost three hours on January 22, 2008 at which time he provided the functional equivalent of initial disclosures; (2) the deposition was to be reconvened at a mutually agreeable to time so that his entire file with Pazos could be reviewed; (3) there are only three persons with relevant knowledge: (a) O'Dwyer; (b) Pazos; and (c) another expert for O'Dwyer, Bob Bartlett; and (4) he opened his entire file to Ocean-Oil's inspection. Rec. doc. 18.[1] Ocean-Oil responds that: (1) the deposition lasted less than one and a half hours; (2) its counsel was not able to question O'Dwyer about most of the issues in the case; and (3) contrary to O'Dwyer's representation, Rule 26 disclosures were not provided at the deposition.

The undersigned is not able to resolve this swearing match. It is undisputed, however, that O'Dwyer did not comply with the District Judge's scheduling order requiring the exchange of initial disclosures by October 25, 2007. The parties shall proceed as follows:

---

[1] Some of the pleadings filed in this action by O'Dwyer are signed by O'Dwyer himself. Others are signed by counsel for O'Dwyer, Joseph W. Hecker.

1. **Within seven (7) working days** of the entry of this order, O'Dwyer shall deliver to counsel for Ocean-Oil initial disclosures in writing which shall fully comply with Rule 26(a)(1). A copy of these initial disclosures shall be filed in the record.

2. Any documents produced by O'Dwyer in conjunction with the initial disclosures shall be bates-numbered and delivered to counsel for Ocean-Oil at O'Dwyer's expense.

3. **Within seven (7) working days** of the entry of this order, O'Dwyer and counsel for Ocean-Oil shall confer in person or by telephone and schedule a date and time for O'Dwyer's deposition. The deposition shall be set for **no later than April 30, 2008.** O'Dwyer shall make himself available for seven hours of deposition examination excluding reasonable breaks. This shall occur on one day.

4. If O'Dwyer fails to comply with this order, he will be assessed with Ocean-Oil's fees and costs for filing the initial motion to compel, this motion for sanctions and any motion required as result of O'Dwyer's failure to comply with this order.

IT IS ORDERED that Ocean-Oil's motion for sanctions (Rec. doc. 13) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 17th day of March, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**