UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OCEAN-OIL EXPERT WITNESS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-3129-ILRL-SS** |
| **ASHTON O'DWYER** | |

### ORDER

PLAINTIFF'S SECOND MOTION FOR RULE 37(c) SANCTIONS (Rec. doc. 24)

**GRANTED**

Before the undersigned is the motion of the plaintiff, Ocean-Oil Expert Witness, Inc. ("Ocean-Oil"), for sanctions, costs, attorney's fees and to compel the defendant, Ashton O'Dwyer ("O'Dwyer"), to provide discovery.

### BACKGROUND

O'Dwyer reports that, in the fall of 2005, he entered into negotiations with Hector Pazos for the provision of expert consulting services involving the failures of the retaining wall on levees in New Orleans. O'Dwyer reports that he made Pazos aware of the severance of his relationship with his law firm and he had no cash flow. O'Dwyer represents that the negotiations were governed by the following: (1) Pazos would be paid only when O'Dwyer had cash available; (2) the amount to be paid would be at a reasonable hourly rate, or a contingent fee, or some combination of the two; (3) Pazos would not submit bills for work which was not necessary; and (4) he would not run the meter. O'Dwyer reports he told Pazos that he should not do any work which would be done by other groups investigating the levee failures. Rec. doc. 4.

On June 7, 2005, Ocean-Oil filed a complaint which alleged that: (1) on September 24, 2005, O'Dwyer retained it on an open account to provide expert consulting services; (2) until late 2006 it provided those services through Pazos; (3) bills were not paid; and (4) it is owed $90,831.57. Rec. doc. 1. O'Dwyer denies the allegations. Rec. doc. 4. A scheduling order was entered with a trial set for June 23, 2008. Rec. doc. 7.

The scheduling order provided that Fed. R. Civ. P. 26(a) initial disclosures were to be completed by October 25, 2007. Rec. doc. 7. On December 17, 2007, Ocean-Oil filed a motion to compel such disclosures which was set for January 23, 2008. Rec. docs. 8, 10 and 11.

On January 22, 2008, O'Dwyer was deposed by Ocean-Oil at O'Dwyer's office. O'Dwyer stated that he did not bring any documents to the deposition; he looked for the file but could not find it. He was asked to look for the file as well as any other documents requested in a revised deposition notice. Rec. doc. 22 (Exhibit 1). On January 24, 2008, Ocean-Oil's motion to compel was granted as unopposed. O'Dwyer was ordered to provide the written disclosures within ten working days. Rec. doc. 12.

On February 12, 2008, Ocean-Oil filed its first motion for sanctions. It contended that: (1) O'Dwyer failed to comply with the scheduling order and exchange initial disclosures by October 25, 2007; and (2) he did not comply with the January 24, 2008 discovery order. Rec. doc. 13. On February 27, 2008, O'Dwyer filed an opposition. He stated: (1) he was deposed for almost three hours on January 22, 2008 at which time he provided the functional equivalent of initial disclosures; (2) the deposition was to be reconvened at a mutually agreeable to time so that his entire file with Pazos could be reviewed; and (3) he opened his entire file to Ocean-Oil's inspection. Rec. doc. 18.[1]

---

[1] Some of the pleadings filed in this action by O'Dwyer are signed by O'Dwyer himself. Others are signed by counsel for O'Dwyer, Joseph W. Hecker.

2

Ocean-Oil responded that: (1) the deposition lasted less than an hour and a half; (2) its counsel was unable to question O'Dwyer about most of the issues in the case; and (3) contrary to O'Dwyer's representation, Rule 26 disclosures were not provided at the deposition.  Rec. doc. 22.

It was undisputed that O'Dwyer did not comply with the District Judge's scheduling order requiring the exchange of initial disclosures by October 25, 2007.  On March 17, 2008, O'Dwyer was ordered to deliver his initial disclosures to counsel for Ocean-Oil and file them in the record.  Rec. doc. 23.  Ocean-Oil reports that O'Dwyer did not comply with that order.  Rec. doc. 24.

Pursuant to the March 17, 2008 order, O'Dwyer was given seven days to confer with counsel for Ocean-Oil to schedule his deposition for a date no later than April 30, 2008.  Rec. doc. 23.  Ocean-Oil's counsel reports that he spoke to O'Dwyer on March 20, 2008.  O'Dwyer said he would call him back after Easter (which was March 23, 2008), but he did not do so.  Rec. doc. 24.

The March 17, 2008 order provided that:

> If O'Dwyer fails to comply with this order, he will be assessed with Ocean-Oil's fees and costs for filing the initial motion to compel, this motion for sanctions and any motion required as result of O'Dwyer's failure to comply with this order.

Rec. doc. 23 at 3.

On April 2, 2008, Ocean-Oil filed its second motion for sanctions.  It demonstrates that it incurred $2,430.00 in attorney's fees in seeking O'Dwyer's initial disclosures.  Rec. doc. 24.  The motion was set for submission on April 23, 2008, on briefs.  Rec. doc. 25.  O'Dwyer has not filed any opposition to the motion.  The motion is deemed unopposed, and it has merit.

Ocean-Oil filed a motion to extend or reschedule the following: (1) the discovery cut-off from May 5 to May 30, 2008; (2) the deadline for completing O'Dwyer's deposition from April 30, 2008 to May 23, 2008; and (3) a continuance of the pretrial conference to June 12, 2008.  The

undersigned cannot reschedule the pretrial conference and Ocean-Oil must seek that relief from the District Judge.

IT IS ORDERED as follows

1. Ocean-Oil's motion for sanctions, costs, attorney's fees and to compel (Rec. doc. 24) is GRANTED.

2. **Within seven (7) working days** of the entry of this order O'Dwyer shall pay Ocean-Oil sanctions in the amount of $2,430.00.

3. **Within seven (7) working days** of the entry of this order, O'Dwyer shall deliver to counsel for Ocean-Oil initial disclosures in writing which shall fully comply with Rule 26(a)(1). A copy of these initial disclosures shall be filed in the record.

4. Any documents produced by O'Dwyer in conjunction with the initial disclosures shall be bates-numbered and delivered to counsel for Ocean-Oil at O'Dwyer's expense.

5. **Within seven (7) working days** of the entry of this order, O'Dwyer and counsel for Ocean-Oil shall confer in person or by telephone and schedule a date and time for O'Dwyer's deposition. The deposition shall be set for **no later than May 23, 2008.** O'Dwyer shall make himself available for seven hours of deposition examination excluding reasonable breaks. This shall occur on one day.

6. **Within seven (7) working days** of the entry of this order, O'Dwyer shall fax (589-4994) a letter to the undersigned signed by him which shall confirm the date, time and place of his deposition.

7. Ocean-Oil's motion to extend deadlines (Rec. doc. 28) is GRANTED in PART and DENIED in PART without prejudice and the deadline for the completion of discovery is reset for **May

30, 2008.

8. **If O'Dwyer fails to comply with this order, it will be recommended that O'Dwyer's answer be struck and that judgment be entered against him as prayed for by Ocean-Oil.**

New Orleans, Louisiana, this 28th day of April, 2008.

                                      **SALLY SHUSHAN**
                                      **United States Magistrate Judge**