UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

OCEAN-OIL EXPERT WITNESS, INC                        CIVIL ACTION

VERSUS                                               NO. 07-3129

ASHTON R. O'DWYER, Jr.                               SECTION B(1)

                              ORDER

The Court held oral argument on Defendant's Objections to and Motion to Review Magistrate's Order (Rec. Doc. No. 32).

**IT IS ORDERED** that Defendant's Objections to and Motion to Review Magistrate's Order (Rec. Doc. No. 32) is **GRANTED in part and DENIED in part**.

**IT IS ORDERED** that Defendant shall make available to Plaintiff's Counsel today all documents within his possession related to the claims in this lawsuit.  If Plaintiff requests copies of any or all of these documents, Defendant shall provide Plaintiff's Counsel with such copies at Defendant's expense on or before Friday, May 30, 2008.

**IT IS FURTHER ORDERED** that the parties shall complete Defendant's deposition on the currently noticed date for same.  The time limit for cross examination of Defendant at the deposition shall be one hour.  Defendant shall pay the cost of the transcript of the deposition.

**IT IS FURTHER ORDERED** that all other sanctions imposed on Defendant are set aside at this time.

As a basis for its decision, the Court notes that another section of this Court found that similar issues raised by Defendant constituted a sufficient basis for an extension of time to comply with a Court order.  Additionally, the Court has received confirmation from the Systems Manager for the United States District Court for the Eastern District of Louisiana of certain delivery failures regarding documents sent from the Court to Defendant's email account (See attached).  While the Defendant's computer problems appear to be the cause of non-receipt of the electronic notice of filing of the discovery/sanction order at issue, Defendant was warned that he is still obliged to make timely status inquiries into the Clerk's record, including the so-called "free looks" allowed through the PACER system.  That obligation to conduct timely "free-looks" is heightened in view of Defendant's computer problems regarding e-mails.  Defendant acknowledged his error and apologized for same.  Accordingly, and for oral reasons given at today's hearing, the Court finds that Defendant did not intentionally fail to comply with the Magistrate Judge's Order. Further, while negligent in achieving full compliance, Defendant made good faith attempts to make available responsive documents to Plaintiff's Rule 16 disclosure requests during his January 22, 2008 deposition.[1]

---

[1]The Magistrate Judge did a fine job in reviewing the problem associated with the discovery in this case including this instance.  However, through no fault of her own, more information was developed in connection with the instant matter than was available at the time of her ruling.  Without this new

The Court also announced at the hearing on Defendant's Motion that trial will likely be continued due to a trial in a major criminal case that conflicts with the trial date in the above-captioned matter.

New Orleans, Louisiana this 28th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

information, the Court would have affirmed her thoughtful decision in all respects.