UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OCEAN-OIL EXPERT WITNESS, INC.**         CIVIL ACTION

**VERSUS**                                  NO. 07-3129

**ASHTON O'DWYER, JR.**                     SECTION: "B"(1)

## CONTEMPT ORDER

Considering, Record Document No. 52 - Defendant Ashton R. O'Dwyer, Jr.'s written objections, responses and motions in response to the Court's order, Record Document No. 50 - the show cause order stating the grounds for summary contempt against Defendant O'Dwyer, Record Document 51 - the transcript of proceedings before the Court containing Defendant O'Dwyer's "Screw you" comment directed to the Court during noted proceedings, the Court hereby overrules and denies Defendant's objections and motions and further finds this Defendant in direct and summary contempt of court.

The facts are undisputed. While attempting to address Defendant's objections over the instant proceedings, access to court and recusal, Tr. P. 6, lines 2-25 and p. 7, lines 1-7, Defendant O'Dwyer interrupted the Court and said "Screw you". Tr. P. 7, line 9, and hung up the phone. Clearly the quoted remark was directed at and said in the presence of the Court, with opposing

counsel and the court reporter also present. The remark was unprofessional and constitutes a profane slang expression of rebuke, i.e. "F_ _k you". Moreover, it was intended to demoralize the court's authority and disrupt the orderly process of the proceedings.

"(F)or a court to exercise the extraordinary but narrowly limited power to punish for contempt without notice and opportunity to be heard, the court-disturbing misconduct must not only occur in the court's immediate presence, but that the judge must have personal knowledge of it acquired by his own observation of the contemptuous conduct." *In re Oliver*, 333 U.S. 257, 275, 68 S.Ct. 499 (1948). As previously noted, the conduct here occurred in the court's immediate presence. We find that "in the court's immediate presence" includes occurrences that arise within a judicial proceeding via direct telephone link simultaneously with the Court, Defendant and Plaintiff's counsel. FRCRP Rule 42(b) provides for summary punishment of a person who commits criminal contempt in the court's presence if the judge saw or heard the contemptuous conduct. FRCP Rule 16 conferences typically occur in this District, as a convenience to the parties, by means of a telephone appearance before the Court in lieu of physical attendance. A Rule 16 conference is a direct judicial proceeding with the Court done as here, to discuss the status of the case, to select deadlines for

discovery and motions, and to select final pretrial conference and trial dates.

While conducting the business of the court in the instant Rule 16 conference with direct and open contact with Defendant, Plaintiff's counsel and the court, the undersigned personally heard the above-noted curse uttered by Defendant directly at the undersigned. Defendant does not deny making the contemptuous remark but asserts, among other things, a First Amendment right to say what he said in what he characterizes as an informal telephone conference with the Court. He asserts, presumably in defense, that he was not informed that the Rule 16 conference was being reported by the court stenographic reporter.[1] He also moves for recusal of the undersigned judge based on prior disciplinary actions that this judge presided over involving this Defendant. See *In re Ashton R. O'Dwyer, Jr.*, Misc. Nos. 08-1492 and 08-5170. He objects to the summary nature of the contempt proceedings, urging rights to testify, call witnesses and other related due process arguments. Record Document No. 52.

In *American Airlines, Inc. V. Allied Pilots Ass'n*, 968 F. 2d 523 (5th Cir. 1992), the circuit court recognized that an order

---

[1] The Rule 16 conferences held in this matter were held pursuant to publicly issued formal orders of the Court. See Record Document Nos. 42 and 48. Nothing prohibits the Court from recording these and other court ordered proceedings and experienced counsel would know that.

instructing a party to show cause why he should not be held in contempt may provide adequate notice that the contempt contemplated is criminal in the absence of an express reference to the criminal nature of the contempt charged. *Id*. at 530-31. In that case, the contemptuous behavior charged-submission of unsigned declarations-was of a type that could not be remedied by any means other than punitive sanctions, thus indicating that the contempt charged had to be criminal rather than civil in nature. *Id*. at 531. However, the show-cause order contained the word "contempt," which allowed the noticed party to determine by process of elimination that the contempt charged was criminal based on the fact that the contemptuous conduct in question could not have been alleviated through coercive or compensatory sanctions. *Id*. at 526. Adequate notice that a hearing contemplates criminal contempt does not necessarily require use of the term "criminal contempt." *Hopkins v. Jarvis*, 648 F. 2d 981, 985 (5th Cir. Unit B 1981). However, the notice must at least "insure a realization by contemnors that a prosecution for criminal contempt is contemplated." *United States v. United Mine Workers*, 330 U.S. 258, 298, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Accord, *Dominique v. Georgia Gulf Corp.*, 81 F. 3d 155 (5th Cir. 1996). The instant show cause order is akin to the one approved by the circuit in *American Airlines, Inc., supra*.

Because the undisputed curse words all occurred on the public record before the court, the undisputed facts shown by the instant record places this case within the narrow category of cases that can be punished as contempt without notice, hearing, and counsel. *In re Oliver*, *supra* at p. 275; *Ex parte Terry*, 128 U.S. 289, 9 S.Ct. 77 (1888); *Cooke v. U.S.*, 267 U.S. 517, 45 S.Ct. 380 (1925). This court afforded Defendant O'Dwyer more than he was otherwise entitled to under Supreme Court authority.

Defendant received notice of grounds for and summary nature of the show cause order for summary contempt. See Order at Record Document No. 50. That same show cause order provided him with a reasonable opportunity to respond.[2] And as he acknowledged in his response, he has counsel even though he chose to respond to the charge in proper person. A hearing on the written record alone suffices here because the contemptuous words and circumstances of their utterance are on an undisputed record. Transcript, Record Document No. 51. His other defenses are frivolous in view of the undisputed record, including his claims for recusal. The grounds for the recusal claims were previously rejected by the *en banc* Court in rulings found in *In re Ashton R. O'Dwyer, Jr.*, Misc. No. 08-1492 at Record Document 31 and Misc. No. 08-5170 at Record Document 5. The same *en banc* court rulings and reasons for same

---

[2] Within the time period for responding to the show cause order, Defendant could have used that time to purge himself from the contemptuous conduct at issue.

are adopted and made applicable here by reference to the latter Record Documents in those actions, again denying the recusal motion here. Also, the Fifth Circuit found in *Howell v. Jones*, 516 F. 2d 53 (5th Cir. 1975) that there was no constitutional violation in the contemned judge sitting in judgment on the contempt charge and summarily imposing sentence. *Cf. Bell v. Hongisto*, 501 F. 2d 346 (9th Cir. 1974), *cert denied*, 95 S. Ct. 1351 (1975); *see also Farmer v. Strickland*, 652 F. 2d 427 (5th Cir. 1981).

Absent here is any showing of prejudice or unfairness - defendant received actual notice of contempt proceedings in the show cause order and the real summary nature of the proceedings, with citations of case authorities. *Cf. Hopkins v. Jarvis*, 648 F. 2d 981 (5th Cir. 1981) and *U.S. v. Onu*, 730 F. 2d 253 (5th Cir. 1984).

Accordingly, Defendant O'Dwyer is found to be in direct summary contempt of court for his profane verbal rebuke of this Court's authority which impedes the orderly administration of justice.

As punishment, we adhere to the principle adopted by the Supreme Court and Fifth Circuit that only "'(t)he least possible power adequate to the end proposed'" should be used in contempt cases. *Anderson v. Dunn*, 19 U.S. 204, 231, 6 Wheat. 204, 231, 5 L.Ed. 242 (1821); *Taylor v. Hayes*, 418 U.S. 488 (1974); *In re Boyden*, 675 F. 2d 643 (5th Cir. 1982).

Applying that principle and balancing the interests of promoting orderly decorum and discouraging repetition of similar misconduct, the following summary punishment is imposed against Defendant O'Dwyer:

(1) **No later than May 28, 2009** Defendant O'Dwyer shall file an unconditional written and signed apology to the Court, his counsel of record, opposing counsel and the court reporter using the following language:

> "I Ashton R. O'Dwyer, Jr. hereby apologizes to the Court, my counsel of record, opposing counsel and the court reporter (Mr. DiGiorgio), for my use of two derogatory and profane words while addressing the Court in the Rule 16 proceedings held on March 19, 2009."; and

(2) **No later than May 28, 2009** Defendant O'Dwyer shall pay a fine of $1,000.00 with a certified check or money order payable to the Clerk of United States District Court for the Eastern District of Louisiana; and

(3) **No later than July 1, 2009** Defendant O'Dwyer shall file written proof that he has obtained qualified professional counseling for anger management after receipt of this order.

**Defendant O'Dwyer is warned that failure to timely and fully satisfy all of above three punishment terms as ordered, or to seek timely filed good cause extensions for compliance, will lead to the**

**imposition of more extreme punishment and/or sanctions, including but not limited to striking his pleadings and/or rendering a judgment by default against him in the captioned action without further notice.** *Smith v. Smith***, 145 F. 3d 335 (5th Cir. 1998).**

**SO ORDERED** this 14th day of May 2009:

_____
UNITED STATES DISTRICT JUDGE