U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   JUL 1 5 2009
LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA

IN RE: OCEAN-OIL EXPERT WITNESS, INC.

V.

O'DWYER

CIVIL ACTION

No.: 07-3129  (B)

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

MAY IT PLEASE THE COURT:

Ivan L.R. Lemelle took offense at an imperative which was directed at him, personally, by Defendant Ashton O'Dwyer, in the face of a prejudiced, biased and discriminatory "attitude" which was directed by Lemelle at O'Dwyer, personally, by Lemelle during a telephone conference. Defendant avers that Lemelle's attitude deprived Defendant of his constitutional rights to due process of law, equal protection of the law, and of the right to own property. In "retaliation," Lemelle now has a "bee in his bonnet" and to "punish" Defendant O'Dwyer, and to demonstrate to the world that he, Lemelle, is a "BIG GORILLA."[1] More particularly, notwithstanding the fact that Defendant O'Dwyer's imperative to Lemelle had nothing whatsoever to do with the merits (or demerits) of the litigation in this case, Lemelle struck Defendant's Answer and Defenses and invited the Plaintiff to move for Entry of Default Judgment against Defendant O'Dwyer. There is one word, and only one, to describe what Lemelle obviously is attempting to accomplish in this case, namely: "INSANITY." In response, Defendant

---

[1] And wearing a "big fur gorilla coat to boot."

O'Dwyer gives Lemelle fair warning: Attached hereto as Exhibit No. 1 is Defendant O'Dwyer's administrative claim against Lemelle, individually, and against the United States Department of Justice, in the amount of $15 million, which Defendant O'Dwyer will perfect by the filing of a Civil Rights Complaint in Federal Court following the expiry of six (6) months from the Attorney General's receipt of same.

Defendant O'Dwyer also offers the following Defenses to Plaintiff's Motion for Entry of Default Judgment in this case:

1. Ivan L.R. Lemelle should be disqualified from presiding over these proceedings because of his obvious bias and prejudice against Defendant O'Dwyer. Lemelle recommended Defendant's suspension from the practice of law in Federal Court for five (5) years, and also recommended that Defendant be disbarred from the practice of law in Federal Court, thus demonstrating his actual bias and prejudice towards Defendant in intellectually dishonest written recommendations to the Court *en banc* in Civil Action Nos. 08-1492 and 08-5170, the record in which is incorporated herein by referenced thereto. Additionally, Defendant O'Dwyer has averred, and does aver again, that Lemelle is incompetent, morally depraved and corrupt,[2] and unfit to sit on the Federal Bench, much

---

[2] Lemelle's moral depravity and corruption more fully appear in "Respondent's Memorandum in Support of His Motion for Recusal" in Civil Action No. 08-1492, pages 2-5, and in the record *In Re: High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220 (5th Cir. 2008), and also is evidenced by Lemelle's "relationship" with plaintiff's attorney Walter Dumas, and with other members of the Plaintiff Bar, including particularly, but without limitation, Negro members of the Plaintiffs' Bar.

less in a matter involving the entry of default judgment against Defendant.

2. Ivan L. R. Lemelle should be disqualified from presiding over these proceedings, due to actual bias and prejudice against Defendant O'Dwyer because Lemelle has been named as a defendant in Civil Action No. 08-3170 on the docket of this Court, and because Lemelle will soon be sued individually by Defendant O'Dwyer for $15 million. See Exhibit No. 1.

3. This Court lacks subject matter jurisdiction over this action because the case is not being prosecuted in the name of the real party in interest, namely in the name of Hector V. Pazos, who is a domiciliary of the State of Louisiana and, alternatively, has dual domiciles in both Florida and Louisiana. In addition, Defendant O'Dwyer avers that the principle office and place of business of Ocean-Oil Expert Witness, Inc., which is a Louisiana domiciliary, is New Orleans, Louisiana. An additional reason why this Court lacks subject matter jurisdiction is because the amount in controversy does not exceed the sum of $75,000, exclusive of interest and costs. This is a typical "State Court collection case," which does not warrant the exercise of federal jurisdiction. Additionally, since each Hurricane Katrina breach site which

Plaintiff agreed to investigate has its own peculiar set of facts,[3] Plaintiff is not entitled to aggregate the amounts claimed for separate, divisible work regarding each breach site into one single cause of action for the collection of money from Defendant.

4. Proceeding with this action will deprive Defendant O'Dwyer of his constitutional rights to due process of law and equal protection of law, and of valuable property rights, because this case should be administratively closed and stayed, just as are all cases filed in the United States District Court for the Eastern District of Louisiana in which Defendant O'Dwyer is a Plaintiff or in which Defendant O'Dwyer represents plaintiffs. Why should O'Dwyer be treated differently when he is a Defendant than how the Eastern District of Louisiana treats O'Dwyer as a Plaintiff?

5. Plaintiff is not entitled to any money judgment from Defendant O'Dwyer for the following non-exclusive reasons:

   A.   Defendant O'Dwyer is misjoined as an individual. At all times pertinent hereto, O'Dwyer acted in the capacity of a limited liability company, namely,

---

[3] These sites include the 17th Street Canal, the Orleans Avenue Canal, the London Avenue Canal and the Industrial Canal, among others. Each site involves discrete breaches with discrete issues of causation. The investigation of the breaches at each site arguably gave rise to separate and distinct causes of action against different clients, and may not be aggregated.

4

"Ashton R. O'Dwyer, Jr., LLC" Plaintiff is not legally entitled to a judgment against O'Dwyer individually.

B. Defendant was at all times pertinent acting as agent for disclosed principals, namely Defendant O'Dwyer's clients, and therefore Defendant O'Dwyer can have no personal liability to Plaintiff.

C. There was no enforceable contract between Plaintiff and Defendant.

D. Assuming, for argumentative purposes only, that there was an enforceable contract between Plaintiff and Defendant, then the contract was breached by Ocean-Oil Expert Witness, Inc. and/or by Hector V. Pazos and it is, therefore, unenforceable.

E. Pazos also breached any contract that might have existed by misrepresenting his expertise in the field of civil engineering and as an expert in levee and retaining wall design, construction and maintenance, and as a geotechnical expert.

      F.      The time spent by Plaintiff and/or Hector V. Pazos, and the issues on which time was spent were unnecessary and/or unreasonable under the circumstances.

      G.      The sums charged by Plaintiff and/or Hector V. Pazos were exorbitant, unnecessary and unreasonable under the circumstances. More particularly, Pazos "ran-the-meter," unnecessarily and unreasonably.

6. Defendant O'Dwyer incorporates herein by reference thereto his sworn deposition testimony in this case, which he is unable to attach to this Memorandum as an Exhibit, because opposing counsel has not responded to e-mails requesting him to identify the Court Reporter. See Exhibit Nos. 2, 3, and 4, attached. The deposition transcript also includes additional defenses asserted by O'Dwyer which are incorporated herein by reference thereto.

7. Hector V. Pazos has already been paid handsomely by the Plaintiff's Liaison Committee in the "Barge" litigation, in amounts believed to total in excess of $100,000, which Pazos would never

have been in a position to earn had Pazos not been tasked to perform certain work by Ashton R. O'Dwyer, Jr., LLC soon after Hurricane KATRINA. Accordingly, any work which Pazos arguably performed for Ashton R. O'Dwyer, LLC, and for which he arguably has not been paid, Pazos has now received in compensation from the Plaintiff's Liaison Committee in the "Barge" litigation. Defendant O'Dwyer avers that he is entitled to a dollar-for-dollar "credit" for all sums paid Plaintiff and/or Pazos by the Barge PLC.

8. Defendant and his clients are is entitled to offset or setoff from Plaintiff and/or Hector V. Pazos with respect to any and all sums owed in damages to Defendant O'Dwyer individually, to Ashton R. O'Dwyer, LLC, and/or to O'Dwyer's or the LLC's clients by virtue of Plaintiff's and/or Pazos' breaches of contract and the abandonment of the prosecution of Hurricane KATRINA cases.

9. Plaintiff is not entitled to attorney's fees because Defendant never agreed to pay attorney's fees, and Plaintiff has not followed the procedural requirements to assert a claim for attorney's fees outlined in the Louisiana Open Account Statute.

10. Defendant O'Dwyer also posits: "Why on earth would O'Dwyer have obligated himself to pay over $100,000 in expert fees to Pazos, plus attorney's fees, when O'Dwyer he has had no source of income since August 29, 2005?" Pazos was to be paid only when O'Dwyer, LLC had available funds. Additionally, why would Defendant O'Dwyer have agreed to pay Plaintiff and/or Pazos for work for which neither was qualified, and which others, like Professor Robert Bea, were performing for free?

11. O'Dwyer also avers that Pazos has already been paid approximately $25,000, which is a fair and reasonable amount arguably due him under the facts and circumstances.

Defendant O'Dwyer also incorporates herein by referenced thereto his Answer and Defenses previously filed in this case.

Respectfully submitted,

*/s/ Joseph W.P. Hecker*

JOSEPH W.P. HECKER
Bar No. 06744
732 Castle Kirk Drive
Baton Rouge, LA 70808
Tel. 225-766-1353
(225) 247-9650

8

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing memorandum on counsel in these proceedings via e-mail this 14th day of July, 2009.

Page 1 of 2

### Victoria Broussard

| | |
|---|---|
| From: | Ashton O'Dwyer [arod@odwyerlaw.com] |
| Sent: | Sunday, June 21, 2009 11:38 AM |
| To: | vbroussard@odwyerlaw.com |
| Subject: | FW: Administrative Claims |
| Attachments: | Civil Action No 05-4182.doc |

**From:** Ashton O'Dwyer [mailto:arod@odwyerlaw.com]
**Sent:** Tuesday, April 28, 2009 17:37
**To:** 'askdoj@usdoj.gov'
**Subject:** FW: Administrative Claims

Mr. Holder: Sorry, a typo. The word is "tortious".

**From:** Ashton O'Dwyer [mailto:arod@odwyerlaw.com]
**Sent:** Tuesday, April 28, 2009 17:06
**To:** 'askdoj@usdoj.gov'
**Subject:** Administrative Claims

For the attention of Attorney General Eric Holder on behalf of the United States Department of Justice: Dear Sir: This missive will perfect administrative claims asserted against the U.S. Department of Justice in my name and in the names of the individuals identified in the Exhibit to the attached Objections to a corrupt and fraudulent settlement being proposed with certain levee boards in the "Victims of KATRINA" litigation pending in the United States District Court for the Eastern District of Louisiana. The claims being asserted herein are of two types: (1) Claims asserted against Stanwood R. Duval, Jr. and his spouse and law clerk, Janet Daley Duval, both Federal employees; and (2) Claims being asserted against Ivan L.R. Lemelle, also a Federal employee. The claims against Duval and his spouse are better articulated in the allegations appearing in Civil Action No. 08-4728 on the docket of the United States District Court for the Eastern District of Louisiana, which are incorporated herein by reference thereto, and will not be repeated here. Suffice it to say that the Duvals have committed wrongful acts against me and those who I represent in the capacity of agent for and mandatary of (identified in the Exhibit to the attachment), including tortuous conduct prohibited by State law, Federal and State constitutional violations (civil rights), and State and Federal RICO violations, all as is articulated in the referenced Civil Action, which is a matter of public record. The claims against Lemelle arise out of his incompetence and his moral corruption, and his wrongfully suspending me, and later wrongfully disbarring me, from the practice of law. These matters also are a matter of public record on the docket of the United States District Court for the Eastern District of Louisiana. The gravamen of my claims against Lemelle include defamation, embarrassment, humiliation, loss of reputation, loss of income, mental anguish and emotional distress, all arising out of a conspiracy in which Lemelle wrongfully participated in order to be "One of the Boys", but which involved his forever dousing the faint glimmers of any moral compass he may have had to begin with. Each claim against the Duvals is in the amount of $2.5 million and in my name and in the names of each individual identified in the Exhibit to the attachment. The claim against Lemelle, which is in my name only, is in the amount of $15 million. Please investigate, and advise me as soon as possible whether the USDOJ intends to attempt to settle or litigate these administrative claims.

**From:** TYPESWRITE@aol.com [mailto:TYPESWRITE@aol.com]
**Sent:** Thursday, March 12, 2009 15:40
**To:** arod@odwyerlaw.com
**Subject:** RE: Brief

EXHIBIT 1

Page 1 of 1

**Ashton O'Dwyer**

**From:** Ashton O'Dwyer [arod@odwyerlaw.com]
**Sent:** Tuesday, July 14, 2009 12:50 PM
**To:** 'Ashton O'Dwyer'
**Subject:** FW: Court Reporter's Identity

**From:** Ashton O'Dwyer [mailto:arod@odwyerlaw.com]
**Sent:** Thursday, July 09, 2009 12:03
**To:** 'jcook@wallbulling.com'
**Subject:** Court Reporter's Identity

Please provide me the contact details for the Court Reporter who took my deposition.



EXHIBIT 2

7/14/2009

Page 1 of 1

**Ashton O'Dwyer**

**From:** Ashton O'Dwyer [arod@odwyerlaw.com]
**Sent:** Tuesday, July 14, 2009 12:50 PM
**To:** 'Ashton O'Dwyer'
**Subject:** FW: Court Reporter's Identity

---

**From:** Ashton O'Dwyer [mailto:arod@odwyerlaw.com]
**Sent:** Friday, July 10, 2009 21:15
**To:** 'jcook@wallbulling.com'
**Subject:** FW: Court Reporter's Identity

Please reply to the attached E-mail.

---

**From:** Ashton O'Dwyer [mailto:arod@odwyerlaw.com]
**Sent:** Thursday, July 09, 2009 12:03
**To:** 'jcook@wallbulling.com'
**Subject:** Court Reporter's Identity

Please provide me the contact details for the Court Reporter who took my deposition.



7/14/2009

Page 1 of 1

### Ashton O'Dwyer

**From:** Ashton O'Dwyer [arod@odwyerlaw.com]
**Sent:** Tuesday, July 14, 2009 12:49 PM
**To:** 'Ashton O'Dwyer'
**Subject:** FW: Identity of the Court Reporter

**From:** Ashton O'Dwyer [mailto:arod@odwyerlaw.com]
**Sent:** Sunday, July 12, 2009 13:28
**To:** 'jcook@wallbulling.com'
**Subject:** Identity of the Court Reporter

Please identify the Court Reporter who transcribed my deposition, and furnish me his contact details. This is my third request for same.



EXHIBIT 4

7/14/2009